### CASE NO. 24-1494

## UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

DIANA MEY, ON BEHALF OF HERSELF AND
A CLASS OF OTHERS SIMILARLY SITUATED,

*Plaintiff-Appellee*

V.

WILLIAM PINTAS, P&M LAW FIRM, LLC,
AND P&M LAW FIRM (PR), LLC,

*Defendants-Appellants*

*and*

RELIANCE LITIGATION LLC and
JAMES RYDER INTERACTIVE, LLC

*Defendants*

## APPELLEE DIANA MEY'S RESPONSE IN OPPOSITION TO
## P&M LAW'S MOTION TO STAY DISTRICT COURT
## PROCEEDINGS AND EXPEDITE APPEAL

# Introduction[1]

Two separate lawsuits form the backdrop for P&M Law's motion to stay the underlying proceedings: the present case filed by Mey in the United States District Court for the Northern District of West Virginia, and a separate lawsuit filed by P&M Law in the Commonwealth of Puerto Rico's Court of First Instance. The District Court lawsuit accuses P&M Law of widespread violations of the Telephone Consumer Protection Act ("TCPA"), whereas the Puerto Rican lawsuit levies specious claims of fraud against Mey and seeks to preempt her TCPA claims under the guise of declaratory judgment. The Puerto Rican lawsuit, the district court concluded, amounts to "intimidation litigation" designed to discourage Mey from pursuing her claims. Given the improper purpose of P&M Law's lawsuit, coupled with the need to preserve its jurisdiction to decide Mey's federal claims, the district court enjoined P&M Law from further prosecuting their spurious Puerto Rican case. That injunction is now the

---

[1] Plaintiff-Appellee Diana Mey is a consumer advocate residing in Wheeling, West Virginia. Defendant-Appellant William Pintas, P&M Law Firm, LLC and P&M Law Firm (PR), LLC are collectively referred to as "P&M Law." Mr. Pintas is an Illinois-licensed attorney and founder of P&M Law Firm, LLC in Chicago, Illinois. Mr. Pintas is also the founder of P&M Law Firm (PR), LLC in Puerto Rico, presumably established for tax avoidance purposes.

subject of this interlocutory appeal. And pending the disposition of this appeal, P&M Law seeks to stay the underlying federal proceedings.

Like the district court, this Court should refuse to stay the underlying case for at least three independently sufficient reasons: First, the interlocutory appeal does not bear on the merits of this case, meaning discovery will be necessary regardless of outcome. Second, given that discovery is inevitable, P&M Law won't be harmed absent a stay. And third, a stay would prejudice Mey and the putative class insofar as it would prevent Mey from prosecuting her claims against other defendants uninvolved in the appeal, potentially resulting in the loss of critical evidence. In the end, P&M's motion is less concerned with judicial economy, efficiency, and harm—relevant factors militating against a stay—and more concerned with their race to judgment in Puerto Rico— an irrelevant consideration.

## Background

### *The Underlying Lawsuit*

Mey filed this class action lawsuit in the United States District Court for the Northern District of West Virginia, alleging that P&M Law and its agents knowingly engaged in widespread illegal telemarketing in

violation of the TCPA, all in an effort to solicit clients for the Camp Lejeune mass tort litigation. JA9-29. P&M Law's marketing vendors, Reliance Litigation LLC and James Ryder Interactive, LLC, are also named as defendants. *Id*.

### The Puerto Rican Lawsuit

Before filing her lawsuit, Mey attempted in good faith to resolve her federal and state telemarketing claims against P&M Law. JA35. To that end, Mey emailed a demand letter to the firm's principals, William Pintas and Laura Mullins, both of whom are Illinois-licensed attorneys. *Id*. This demand letter prompted a response from Florida-based attorneys representing P&M Law. *Id*. Mey began exchanging emails with those attorneys who offered assurances that P&M Law wanted to settle her claims. JA36. Unbeknownst to Mey, however, P&M Law had no intention of settling the claims. Quite the opposite.

Instead, on the same day that P&M Law's counsel emailed Mey— setting up a Zoom meeting "on getting the claim resolved"—P&M Law (PR) filed a lawsuit in the Commonwealth of Puerto Rico's Court of First Instance. JA36, 57-82. In that lawsuit, P&M Law (PR) asserted a claim for fraud, accusing Mey of somehow entrapping the P&M into violating

3

state and federal telemarketing laws. JA57-82. P&M Law also asked the commonwealth court for a declaration of non-liability to preemptively defeat Mey's yet-to-be-filed TCPA claims. *Id.*

Once that lawsuit was filed, P&M Law (PR) obtained default judgment against Mey by effectuating service via publication in an obscure Puerto Rican newspaper. JA670. Ultimately, Mey was able to have the default set aside, but only after the deadline for removal had passed, and in exchange for deferring action on her motion to dismiss the Puerto Rican lawsuit for lack of personal jurisdiction.[2] *Id.*

The timeline of events leading to Mey's default and her subsequent efforts to have it set aside are discussed in greater detail in the district court's injunction order. JA666-79.

---

[2] Attempting to manufacture personal jurisdiction in Puerto Rico, P&M Law points to Mey's initial demand letter, which was emailed to bill@pintas.com and laura@pintas.com, attorneys licensed in Illinois and addresses associated with the firm's Chicago headquarters. JA667-68. The firm's website alludes to work in other domestic cities—but none in Puerto Rico. *Id.* Indeed, there is not a single reference on the website to Pintas' Puerto Rican tax shelter. *Id.* Otherwise, Mey did not receive the calls in Puerto Rico; she had not alleged any claims arising under Puerto Rican law; she had not accused P&M Law Firm (PR), LLC of violating telemarketing laws; she had not directed any communications into Puerto Rico; she does not own property in Puerto Rico; and she has never even visited Puerto Rico. JA36, 699.

*The District Court's Anti-Suit Injunction*

After filing the present lawsuit, Mey moved the district court for an anti-suit injunction, enjoining further prosecution of the Puerto Rican lawsuit. JA32-54. The district court granted a temporary restraining order (JA103-11) and, after additional briefing and oral argument, entered a preliminary injunction (JA666-79). The district court first concluded that the All-Writs Act grants federal courts the authority to issue all writs necessary or appropriate in aid of their respective jurisdictions. *Id*. The district court next concluded that the present circumstances satisfied the "necessary in aid of jurisdiction" exception to the Anti-Injunction Act. *Id*. The district court finally concluded that P&M Law exhibited bad faith—a recognized consideration for issuance of an anti-suit injunction—in filing the Puerto Rican lawsuit. *Id*.

That latter consideration—bad faith—was supported by several findings. First, personal jurisdiction was plainly lacking in a jurisdiction far from the situs of the alleged illegal phone calls and texts. JA668, 676. That P&M Law elected to file the lawsuit in a territorial trial court of Puerto Rico left the district court to infer that decision was made only to exact the most harm and expense to Mey. JA676. Second, the district

court concluded that the Puerto Rican lawsuit was a gambit to obtain a declaration of non-liability under the TCPA under the guise of declaratory judgment. JA677. Third, in addition to surreptitiously orchestrating default judgment, P&M Law also asked the Puerto Rican court to compel the production of communications between Mey and her attorney, served Mey with hundreds of interrogatories and demanded production of documents and records far exceeding any relevant purposes, and demanded that Mey and her husband travel to Puerto Rico at their own expense to sit for depositions. JA110, 671. Taken together, the district court concluded that "the Puerto Rico action is burdensome, vexatious, and intended to deprive Ms. Mey of her day in court in the proper venue." JA678. Despite these findings, P&M Law is the one that feigns indignation on appeal.

## Discussion

The decision whether to grant a stay is discretionary, and within the inherent power of the court "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). The party seeking a stay must justify it with "clear and convincing

circumstances that outweigh any potential harm to the opposing party," *Williford v. Armstrong World Indus.*, Inc., 715 F.2d 124, 127 (4th Cir.1983), a standard which P&M Law fails to meet, with the relevant considerations plainly advising against a stay.

**First**, the appeal does not bear on the merits of this case, so discovery will be necessary regardless of outcome. The interlocutory appeal challenges the propriety of this Court's anti-suit injunction, enjoining further prosecution of the Puerto Rican lawsuit. Should P&M Law prevail on appeal, the Puerto Rican lawsuit will simply proceed alongside this case. Conversely, should Mey prevail on appeal, a stay will have caused an unnecessary delay in this case without any efficiency gains. Because the appeal will not obviate the need for discovery or progression of claims, the interests of judicial economy and orderly administration of justice strongly counsel against a stay. *White v. Ally Fin. Inc.*, 969 F. Supp. 2d 451, 462 (S.D.W. Va. 2013) (considering whether a stay would promote judicial economy and efficiency).

Like below, P&M Law fails to actually explain how a stay promotes judicial economy and efficiency in the underlying proceeding. Instead, they complain that the Puerto Rican lawsuit will not proceed "in tandem"

with this case but will instead trail behind. This reveals P&M Law's true motivation for a stay: not judicial economy, but a perceived race to judgment in Puerto Rico. Even if the pace of the Puerto Rican lawsuit were a relevant concern, in the event P&M Law prevails on appeal, the fruits of discovery here will inure to the benefit of the Puerto Rican proceedings, narrowing (or even eliminating) the need for discovery in Puerto Rico and mitigating the impacts of any delay in Puerto Rico.[3]

**Second**, since discovery is inevitable, regardless of the appeal's outcome, P&M Law will not be harmed absent a stay. P&M Law cannot point to any concrete harm, so they manufacture a speculative one: inconsistent discovery rulings.[4] But this explanation is equal parts nondescript and unreasoned. For instance, P&M Law does not actually identify any perceived discovery disputes that could result in conflicting

---

[3] To be sure, P&M Law will be entitled to the same scope of discovery here that they would have otherwise enjoyed in Puerto Rico. P&M Law recast their claims and defenses from the Puerto Rican lawsuit as claims and defenses in this lawsuit. Dkt. 72. And, if their fraud claims are indeed genuine, P&M will have the same opportunity to prove them here.

[4] P&M Law faults the district court for failing to consider the possibility of inconsistent discovery rulings. But that is understandable given that P&M Law did not actually offer this as an example of potential harm below. *See* JA 683-87 (Motion), 692-95 (Reply).

rulings. P&M Law does not suggest that Puerto Rican rules materially differ from the federal rules so as to create divergent rights and obligations in discovery. And, most critically, P&M Law presumes that the Puerto Rican court would be bound by discovery rulings of the district court. Ultimately, P&M Law fails to identify any genuine harm in the absence of a stay, as is their burden.

**Third**, a stay would prejudice Mey and the putative class insofar as delay would likely lead to the loss of critical evidence—in particular, class call records, which can be particularly ephemeral in TCPA cases. Though P&M Law has recognized its preservation obligations, such preservation obligations are regularly ignored by the fly-by-night telemarketing vendors hired for this type of work. A stay would likewise prevent Mey from prosecuting her claims against the remaining defendants, Reliance Litigation LLC and James Ryder Interactive LLC, who have no interests in the pending appeal.

In the end, P&M Law must explain how a stay would serve the interests of judicial economy and show "a clear case of hardship or inequity" in the absence of a stay. *White*, 969 F. Supp. 2d at 462. They

have failed on both fronts and, accordingly, their motion to stay the underlying proceedings should be denied.

***

P&M Law also moves to expedite the appeal process. That request should be denied for at least two reasons:

First, this appeal does not present exceptional circumstances—e.g., the loss of fundamental freedoms or a temporally exigent election contest—justifying departure from the established appellate process. Nor does this appeal present any weighty issues of public concern or welfare.

Second, P&M Law has not shown that the established appellate process will cause "irreparable injury." The absence of irreparable injury is typically fatal to a motion to expedite, and should be fatal here as well. *See, e.g., Loma Linda-Inland Consortium for Healthcare Educ. v. NLRB*, 2023 WL 7294839, at *12 (D.C. Cir. May 25, 2023) (denying expedited review because the appellant had not shown that the established appellate process would cause "irreparable injury"); *Northpoint Technology, Ltd. v. FCC*, 2002 WL 31011256, at *1 (D.C. Cir. Aug. 29, 2002) (same); *Sierra Club v. EPA*, 2003 WL 22389404, at *1 (D.C. Cir. Oct. 8, 2003) (same). The risk of inconsistent rulings—the only potential

harm identified by P&M Law—surely does not create risk of irreparable injury. In fact, if P&M Law prevails on appeal and the Puerto Rican lawsuit proceeds apace, the risk of inconsistent rulings will remain.

### Conclusion

For the foregoing reasons, this Court should deny, in its entirety, P&M Law's *Motion to Stay District Court Proceedings and Expedite Appeal*.

**DIANA MEY**

By Counsel:

/s/ *Andrew C. Robey*
Ryan M. Donovan (WVSB #11660)
Andrew C. Robey (WVSB #12806)
HISSAM FORMAN DONOVAN RITCHIE PLLC
P.O. Box 3983
Charleston, WV 25339
t: 681-265-3802
f: 304-982-8056
rdonovan@hfdrlaw.com
arobey@hfdrlaw.com

## CERTIFICATE OF COMPLIANCE

1.    This document complies with type-volume limits because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) (cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments):

this document contains 2,144 words.

2.    This document complies with the typeface requirements because:

This document has been prepared in a proportional spaced typeface using Microsoft Word in 14-point Century Schoolbook.

Dated: July 11, 2024          /s/ Andrew C. Robey
                              Counsel for Appellee

## Certificate of Filing and Service

I certify that on July 11, 2024, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF System, which will send notice to all counsel of record.

/s/ Andrew C. Robey
Counsel for Appellee