No. 24-1494

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

DIANA MEY,

*Plaintiff-Appellee*,

v.

WILLIAM PINTAS, P&M LAW FIRM, LLC,
and P&M LAW FIRM (PR), LLC,

*Defendants-Appellants*,

*and*

RELIANCE LITIGATION LLC, and
JAMES RYDER INTERACTIVE, LLC,

*Defendants.*

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA AT WHEELING,
HON. JOHN PRESTON BAILEY (NO. 5:24-CV-55)

## P&M DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY DISTRICT COURT PROCEEDINGS AND EXPEDITE APPEAL

Defendants William Pintas, P&M Law Firm (PR), LLC, and P&M Law Firm, LLC (collectively, the "P&M Defendants") agree with Diana Mey as it relates to just one remark she makes in her opposition to their request for a stay of the district court proceedings pending resolution of this interlocutory appeal: that is, *two* lawsuits—the

1

earlier-filed Puerto Rico Lawsuit (initiated by the Puerto Rico Law Firm) and the later-filed West Virginia Lawsuit (initiated by Mey)—form the backdrop of this instant request for a stay. What Mey conspicuously avoids about the two lawsuits, however, is acknowledging the important fact that the filing of the Puerto Rico Lawsuit *predates* the West Virginia Lawsuit by approximately 350 days (nearly one year). That alone is telling.

Of course, as reflected in the P&M Defendants' opening brief, *see* ECF No. 17, the District Court erroneously blessed Mey's unprecedented request for an injunction under the Anti-Injunction Act, 28 U.S.C. § 2283 ("AIA"), which *halted* the earlier filed Puerto Rico Lawsuit in its tracks and gave Mey a "fast pass" to pursue the claims she now asserts in the West Virginia Lawsuit. Pending the outcome of this interlocutory appeal—and absent a stay of the underlying proceedings pending appeal—the P&M Defendants are now left in a perilous predicament: on the one hand, they must pursue an appeal to this Court in order to rebalance the equities, unfreeze the earlier filed Puerto Rico Lawsuit, and allow *both* lawsuits to proceed in parallel. On the other, they must navigate the District Court's Anti-Suit Injunction, which prohibits them from informing the Puerto Rico Court of the very existence of the West Virginia Lawsuit, this appeal, or from even explaining why the Puerto Rico Lawsuit is not being prosecuted. All the while, Mey is aggressively pursuing and prosecuting the West Virginia Lawsuit, which she filed *solely* to stop the ongoing Puerto Rico Lawsuit.

Simply put, without granting the reasonable stay relief that the P&M Defendants have requested from this Court, Mey will have obtained the effective relief that she

2

desired all along: divesting the Puerto Rico Court of jurisdiction over the Puerto Rico Lawsuit and otherwise securing a change in venue to a friendly forum in the Northern District of West Virginia, solely to unwind her consent to litigating and defending the Puerto Rico Lawsuit. Mey's brazen misuse of the AIA against the P&M Defendants and the Court in Puerto Rico cannot be countenanced. This Court should **GRANT** the P&M Defendants' Motion to Stay District Court Proceedings. *See* ECF No. 12.

## I.     BACKGROUND

Before addressing *why* a stay of the underlying proceedings is necessary here, it is worth reiterating two facts that Mey's response simply glosses over.[1] For starters, in addition to waiting approximately a year before even filing the West Virginia Lawsuit after she purportedly suffered "harm" from allegedly unwanted telemarketing calls, Mey fails to acknowledge that after filing the West Virginia Lawsuit in March 2024, she waited an extra 38 days—or, just until late in the afternoon on Friday, April 26, 2024—before even seeking temporary injunctive relief from the District Court.[2] In other words, the relief Mey sought was neither urgent nor necessary until convenient for her.

---

[1] The P&M Defendants incorporate by reference the factual background provided in both their Motion for Stay and Opening Brief, *see* ECF No. 12 & 17.

[2] Indeed, without effectuating service of process on *any* defendant, Mey's counsel simply emailed a copy of her Motion for Temporary Restraining Order to Carlos Baralt, counsel for the Puerto Rico Law Firm in the Puerto Rico Lawsuit. Just minutes later, the District Court entered an order setting a hearing on Mey's Motion for Temporary Restraining Order for Tuesday, April 30, 2024, at 10:30 AM. From there, and without any meaningful opportunity to prepare an opposition to Mey's request, the writing was on the walls and the outcome was *fait accompli* for the P&M Defendants.

3

Second, Mey disregards the fact that, after successfully obtaining unprecedented injunctive relief under the AIA—which brought the earlier filed Puerto Rico Lawsuit to a halt—the District Court (a) denied the P&M Defendants' request for a stay of the proceedings pending appeal; and (b) set the West Virginia Lawsuit in motion by requiring a Rule 26(f) report, Rule 26(a)(1) initial disclosures, and discovery. Of course, Mey ignores these points because it is precisely what she desired in the first place.

## II.     LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *See Kokinda v. Foster*, No. 3:21-CV-00154, 2023 WL 2616102, at *5 (N.D. W. Va. Mar. 23, 2023), *reconsideration denied,* No. 3:21-CV-00154, 2024 WL 1099309 (N.D. W. Va. Mar. 13, 2024) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). These factors from *Landis* include "(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party." *See White v. Ally Fin. Inc.*, 969 F. Supp. 2d 451, 462 (S.D. W. Va. 2013) (citing *Landis*, 299 U.S. at 255). Ultimately, as this Court has explained, "[t]he party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." *See Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983).

4

### III.   ARGUMENT

Mey's response in opposition to the P&M Defendants' Motion for Stay of District Court Proceedings does *nothing* to alter the reality that a stay of those proceedings is necessary under *Landis*. That is so for at least three sound reasons.

**First**, interests of judicial economy strongly militate in favor of staying the underlying proceedings because of the *unprecedented* nature of the injunction issued by the District Court. More specifically, that novel injunction allows Mey (1) to sidestep the normal federal court removal process; (2) to halt an *ongoing* state court proceeding (the Puerto Rico Lawsuit) in its tracks for no legally cognizable reason whatsoever; and (3) to allow the West Virginia Lawsuit to proceed without any delay. Unrestrained by a stay of the underlying proceedings pending appeal, this sequencing will result in the creation of a thermonuclear litigation device of epic proportions, a device which encourages forum shopping and permits a federal court, on the request of a party, to enjoin and divest a state court of jurisdiction, even when *no basis* exists under the AIA.

In her response, Mey steers clear of these issues and argues that a stay of the underlying proceedings is not necessary for judicial economy's sake because "the [interlocutory] appeal does not bear on the merits of this case [i.e., the West Virginia Lawsuit]." *See* ECF No. 21, at 7. Mey then spends five pages explaining why the Puerto Rico Lawsuit is meritless. Yet in so doing, Mey blithely ignores the *critical* fact that this interlocutory appeal bears directly on the merits question of whether the Puerto Rico Lawsuit and the West Virginia Lawsuit should proceed in parallel with one another (or,

5

to quote Mey and the District Court, "in tandem" with one another). The answer to this question should be emphatically *yes*. But absent a stay of the underlying proceedings pending resolution of this appeal, the answer is inexplicably *no*. Judicial economy strongly militates in favor of staying the underlying proceedings pending this appeal.

**Second**, the P&M Defendants have identified genuine harm they will suffer absent a stay, which Mey did not even try to explain away. For one thing, the effect of denying a stay of proceedings is, and will be, that discovery, dispositive motions, and other pretrial matters in the West Virginia Lawsuit will proceed apace (as it already has), while *everything* else—including discovery in the earlier filed Puerto Rico Lawsuit—continues to be at an incomprehensible standstill. This imbalance, created by the District Court's blessing of Mey's improper request for injunctive relief under the AIA, prohibits the P&M Defendants (only one of whom is the Plaintiff in the Puerto Rico Lawsuit) from appearing before or filing any papers with the Puerto Rico Court to explain why the Puerto Rico Law Firm is not prosecuting the case it filed in April 2023.

For another thing, the District Court's Anti-Suit Injunction does much more than just enjoin the P&M Defendants from pursuing discovery or litigating in the Puerto Rico Lawsuit (which they should be permitted to do). Indeed, the District Court's Anti-Suit Injunction purports to decide that the Puerto Rico Court lacks both personal jurisdiction over Mey and subject matter jurisdiction over the Puerto Rico

6

Lawsuit. These effective (yet improper and problematic) jurisdictional rulings by the District Court also harm the P&M Defendants in a real and tangible manner.[3]

**Third**, the balance of hardship and equity to the moving party (here, the P&M Defendants) if the West Virginia Lawsuit is *not* stayed pending resolution of this appeal weighs heavily in favor of the P&M Defendants. To that end, Mey's regurgitated arguments from her opposition in the District Court do nothing to change that reality, nor do they show how she will suffer *any* harm if those proceedings are stayed.

The fact that the Puerto Rico Lawsuit (a case that the Puerto Rico Law Firm is well within its right to pursue) has been halted on the basis of a flawed and tortured reading of the AIA far outweighs *any* potential prejudice to Mey—namely, her contrived and sudden panic over the *potential* loss of class-wide discovery.[4] Yet Mey's hyper-fixation with class-wide discovery does not come close to the prejudice being suffered by the P&M Defendant. And that is the key issue in this interlocutory appeal: whether

---

[3] Relatedly, if the District Court's flawed application of the AIA becomes an effective way of evading the removal statutes, there is little doubt that other litigants will soon be filing second lawsuits as a way to forum shop. A stay of the underlying proceedings will avoid temporarily blessing this type of legal "loophole" created by misapplication of the AIA and gives this Court time to resolve that issue on appeal.

[4] If Mey was actually concerned with preserving "critical" class-wide discovery, she would have filed the West Virginia Lawsuit well before March 2024. At that time, Mey—through her able counsel in Puerto Rico—had already appeared and defended her interests in the Puerto Rico Lawsuit for approximately 9 months.

the AIA permits the District Court to strip the Puerto Rico Court of its jurisdiction over the earlier filed Puerto Rico Lawsuit and halt those proceedings outright.

Nor will Mey suffer *any* harm if a stay of the underlying proceedings is put in place by this Court. For starters, the is no basis on which Mey can *speculate* that evidence will either be lost or destroyed. As previously mentioned, the parties are subject to a litigation hold which should prevent the misplacement, destruction, or disposing of any critical evidence. Further, Mey's temporary inability to prosecute her case against the other two defendants in the West Virginia Lawsuit—Reliance Litigation LLC and James Ryder Interactive LLC—is *de minimis*, especially given the fact that neither has made appearances in the case. This supposed harm is also vastly outweighed by the hardship and inequity that would result to the P&M Defendants absent a stay.[5]

### IV.     CONCLUSION

At bottom, all three of the *Landis* factors weigh heavily in favor of a stay of the underlying proceedings pending appeal: (1) judicial economy is best served if this Court is given a chance to decide whether the Puerto Rico Lawsuit and West Virginia Lawsuit should proceed concurrently with one another; (2) the P&M Defendants will be seriously harmed and prejudiced without a stay of the underlying proceedings pending

---

[5] Mindful that this Court has deferred ruling on the Motion to Expedite, the P&M Defendants nevertheless point out Mey's inconsistent argument on this front. On the one hand, Mey urgently argues that a stay would unnecessarily delay discovery. Yet on the other, Mey states there are no "exceptional circumstances" or "weighty issues of public concern or welfare" at issue in this appeal. *See* ECF No. 21, at 11-12.

this appeal; and (3) Mey will suffer *no* harm if a stay is put in place. This Court should

**GRANT** the P&M Defendants' Motion to Stay District Court Proceedings.

        Respectfully submitted,

        */s/ Richard W. Epstein*
        Richard W. Epstein
        GREENSPOON MARDER LLP
        200 East Broward Blvd, Suite 1800
        Fort Lauderdale, FL 33301
        richard.epstein@gmlaw.com

        Jeffrey Gilbert
        GREENSPOON MARDER LLP
        600 Brickell Avenue, Suite 3600
        Miami, FL 33131
        jeffrey.gilbert@gmlaw.com

        Jared M. Tully
        Blake N. Humphrey
        FROST BROWN TODD LLP
        500 Virginia Street E, Suite 1100
        Charleston, WV 25301
        jtully@fbtlaw.com
        bhumphrey@fbtlaw.com

        *Counsel for William Pintas, P&M Law Firm, LLC and P&M Law Firm (PR), LLC*

## **CERTIFICATE OF COMPLIANCE**

1. This motion complies with type-volume limits because, excluding the parts of the document exempted by Fed. R. App. P. 32(f):

    [ X ] this motion contains [*2,067*] words.

    [   ] this motion uses a monospaced type and contains [*state the number of*] lines of text.

2. This motion complies with the typeface and type style requirements because:

    [ X ] this motion has been prepared in a proportionally spaced typeface using [*Microsoft Word 365*] in [*14pt Garamond*]; *or*

    [   ] this motion has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].


Dated: July 15, 2024                                    */s/ Richard W. Epstein*
                                                        Counsel for Appellants

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 15th day of July, 2024, I caused this submission to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to all counsel of record as CM/ECF users:

*/s/ Richard W. Epstein*
Counsel for Appellants
